THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv258

| | |
|---|---|
| GLEN ALLEN PIPPEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF REMAND** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' Motion to Enter Consent Order pursuant to Sentence Six of 42 U.S.C. §405(g). [Doc. 13].

The Plaintiff has moved for a remand on the basis of new evidence, pursuant to sentence six of 42 U.S.C. § 405(g). The Appeals Council has reviewed the new evidence submitted by the Plaintiff and has agreed that evidence developed in connection with the Plaintiff's subsequent case is relevant to the period adjudicated by the ALJ who decided the case now under review, and that such evidence is new and material. The Appeals Council further notes that the subsequent hearing decision did not comply with the Albright Acquiescence Ruling 00-1(4).

The parties agree that upon remand, the Appeals Council will direct the ALJ to consolidate the files relating to both applications, to consider all the evidence in accordance with HALLEX I-5-3-17E, to further develop the record as warranted, and to issue a new decision on the issue of disability.

Counsel for the Plaintiff and for the Defendant have conferred and have determined that a sentence six remand to allow the Appeals Council to take such proposed actions is mutually agreeable. The parties have likewise agreed that Plaintiff's pending Motion to Receive New and Material Evidence and Remand Case [Doc. 10] should be withdrawn.

**IT IS, THEREFORE, ORDERED** that, in accordance with the agreement of the parties, this matter is **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) so that the Appeals Council may conduct the further proceedings proposed by the parties.[1]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 10] is deemed **WITHDRAWN**.

---

[1] When a case is remanded pursuant to sentence six of 42 U.S.C. § 405(g), the Court retains jurisdiction during the administrative proceedings on remand, and judgment is not entered until the Commissioner issues a new final decision at the administrative level and the case returns to this Court. See Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS SO ORDERED.**

Signed: March 19, 2012

Martin Reidinger
United States District Judge

3